UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| **CONNIE HOWARD**<br>    **Plaintiff,**<br><br>V.<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,**<br>    **Defendant.** | **CIVIL ACTION NO. 7:14-CV-103-KKC**<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \*

The plaintiff Connie Howard brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for disability insurance benefits and supplemental security income. The Court, having reviewed the record, will affirm the Commissioner's decision.

### FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Howard's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Howard has not engaged in substantial gainful activity since September 30, 2010, the alleged onset date. (Administrative Record ("AR") at 11.)

At step two, the ALJ determined that Howard suffers from the following severe impairments: degenerative disc disease, anxiety, and depression. (AR at 11.)

At step three, the ALJ found that Howard did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 12.)

Before proceeding to step four, the ALJ determined that Howard had the residual functional capacity (RFC) to perform "medium work" as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c) with the following limitations:

> [S]he can frequently climb ramps/stairs, balance, stoop, crouch, kneel or crawl, but only occasionally climb ladders, ropes or scaffolds. She can perform one to two step tasks, relate in a non-public setting and adapt to simple changes. She should avoid concentrated exposure to vibration.

(AR at 13.)

At step four, the ALJ found that Howard was unable to perform any past relevant work. (AR at 16.)

At step five, the ALJ determined that, given the RFC described above, Howard can perform jobs that exist in significant numbers in the national economy and, thus, she is not disabled. (AR at 17.)

## ANALYSIS

Howard argues that the ALJ erred by failing to consider, discuss, or assess weight to the report by state agency examiner, Dr. Dennis Sprague, who opined that Howard had moderate impairments in her ability for sustained concentration and attention, ability to relate to others without exhibiting behavioral extremes, her capacity for reliability and consistency in work-

related activities, her ability to handle the stressors of everyday living, and her ability to work in proximity to others without exhibiting behavioral extremes. (AR at 392.)

It is true that the ALJ is required to consider every medical opinion received when determining whether a claimant is disabled. 20 CFR § 416.920(a)(3). Nevertheless, "it well settled that . . . [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) (quoting *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir.1999)).

It is clear that the ALJ considered Dr. Sprague's opinion. The ALJ cited it (AR at 12) and the RFC contains limitations consistent with the opinion. In the RFC, the ALJ included limitations for concentrating, handling stress, and interacting with others by providing that "[s]he can perform one to two step tasks, relate in a non-public setting and adapt to simple changes." (AR at 13.)

Further, the ALJ accepted the findings of the state agency medical consultant, Dr. Eric Wiener, who specifically relied on and gave "great weight" to Dr. Sprague's opinion. (AR at 101.) Based in part on Dr. Sprague's opinion, Dr. Wiener concluded that Howard had insignificant or moderate limitations with regard to concentration and persistence, social interactions, and adaptation. (AR at 99-100.) He further concluded that Howard is able to "[u]nderstand and remember simple one and two-step tasks," "[s]ustain attention and concentration necessary to complete simple tasks," "[r]elate to coworkers/supervisors in a non-public setting;" and "[a]dapt to simple changes and avoid hazards in a routine work environment." (AR at 101.)

Dr. Sprague did not present his findings in the form of functional limitations appropriate for an RFC. Dr. Wiener relied on Dr. Sprague's report and did include functional limitations in his report. Those limitations were reflected in the RFC. Howard argues that, when asked if an individual with the limitations contained in Dr. Sprague's report could find jobs in the national economy, the vocational expert said she could not. This is incorrect. The hypothetical also included a limitation that the person would be off-task at least 10 percent of the time. (AR at 50-51.) Dr. Sprague's report contains no such limitation.

Howard argues that the ALJ's finding that she could perform "medium work" is not supported by any medical evidence. In making this finding, the ALJ noted that, in 1998, Howard was determined to have degenerative disc disease of the cervical and lumbar spine, with bulging and herniated discs. (AR at 16.) The ALJ further noted, however, that even after the 1998 findings, Howard continued to perform light- to heavy-level work as a personal aide for a disabled child and as an assistant manager of a retail store. (AR at 16.) Thus, the ALJ determined that Howard remained capable of at least medium level work. (AR at 15, 16.)

The only medical evidence in the record limiting Howard to less than medium-level work was the opinion of her treating physician, Dr. Naveed Ahmed who opined that  Howard could never work more than two hours per day; that she could stand, walk, and sit less than two hours in an eight-hour day; and that she could never left more than five pounds.  ALJs must give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c), (c)(2). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id*.

4

In discounting Dr. Ahmed's opinion, the ALJ considered the fact that no other medical evidence supported such significant limitations. (AR at 16.) Howard argues that the Dr. Blake Burchett's notes supports Dr. Ahmed's opinion. The Court has reviewed those notes and finds nothing in them that supports the kind of restrictions set forth by Dr. Ahmed. (AR at 484-502.) The ALJ further considered that Dr. Ahmed had only seen Howard sporadically since 2009 – once in 2009, twice in 2012, and twice in 2013. The ALJ reasonably gave Dr. Ahmed's opinion less weight based on the number of visits and the length of the relationship. 20 C.F.R. § 404.1527(c)(2)(i). Finally, the ALJ noted that Dr. Ahmed's findings appeared to be based more on Howard's subjective complaints than on his examination of her. Thus, the ALJ gave good reasons for discounting Dr. Ahmed's opinion.

Howard argues the ALJ erred in failing to include in his RFC and in his hypothetical to the vocational expert the moderate limitations of concentration, persistence, or pace. In determining whether Howard had a severe impairment, the ALJ found that she had "moderate difficulties" in "concentration, persistence, or pace." The RFC accounted for such limitations, however, finding that "[s]he can perform one to two step tasks." *See Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 951 (11th Cir. 2013) ("The ALJ's hypothetical questions to the vocational expert fully accounted for Jacobs's moderate difficulties in maintaining his concentration, persistence, or pace by limiting him to one to three step non-complex tasks, consistent with the RFC assessment.")

Finally, Howard argues that the ALJ erred in finding that her counsel's hypotheticals presented to the vocational expert were not supported by medical evidence. Those hypotheticals were based on Dr. Ahmed's opinion and on a limitation that an individual would be off-task at least 10 percent of the time. (AR at 50.) The Court has already determined that the ALJ properly

5

discounted Dr. Ahmed's opinion. Howard cites no medical evidence that she would be off task 10 percent of the time.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 13) is **DENIED**;

2. The defendant's motion for summary judgment (DE 14) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated September 24, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY